COURT OF APPEALS
DECISION
DATED AND FILED

December 26, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP822-CR**

Cir. Ct. No. 2021CF3140

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

BYRON M. LOGAN, JR,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: CAROLINA M. STARK, Judge. *Affirmed.*

Before White, C.J., Donald, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Byron M. Logan, Jr. appeals from a judgment of conviction, entered upon guilty pleas, for one count of possession with intent to

deliver cocaine, one count of possession with intent to deliver narcotics, and possession of a firearm by a felon. Logan argues that the circuit court erred when it denied his motion to suppress physical evidence due to a defective search warrant. Because we conclude that the affidavit contained sufficient facts to support probable cause to believe that materials relating to firearms possession would be discovered, the search did not violate the Fourth Amendment, the circuit court did not err in denying the motion to suppress, and we affirm.

## BACKGROUND

¶2 The State charged Logan with the drug and firearm possession offenses after the police executed a search warrant for a premises on North 84th Street in Milwaukee in July 2021. Logan and his son were present during the search. When asked about weapons in the residence, Logan volunteered that there was a .40 caliber firearm in his bedroom near his bed; the police retrieved a Smith and Wesson .40 caliber semi-automatic handgun from the bedroom in the northwest part of the residence. Logan also stated that he was responsible for what was in the residence, despite his son telling police that a .22 caliber long rifle was his.

¶3 The police search of the northwest bedroom revealed utility bills, banking mail, and government paperwork all addressed to Logan as well as a plastic bag containing white substances and two plastic bags with pills marked "M30." Field testing showed that one white, chunky substance contained cocaine. Additional plastic bags in the kitchen were field tested to cocaine. The complaint alleged that the total weight of cocaine found was 70.6 grams. The M30 pills, which a police officer identified as fake oxycodone hydrochloride pills, were field tested and were positive for fentanyl. The complaint alleged that the total weight

2

of fentanyl pills was 69.21 grams from 769 pills. Logan was charged with possession with intent to deliver a controlled substance–cocaine, in an amount greater than forty grams; possession with intent to deliver narcotics; and possession of a firearm by a felon.

¶4      In October 2021, Logan moved to suppress physical evidence and statements from the search. In December 2021, the circuit court denied the motion. The court concluded that the search warrant was sufficient with regard to the search for firearms because the facts alleged in the police affidavit established probable cause that evidence of the offense of possession of a firearm by a felon would be located at the North 84th Street residence. However, the court concluded that the affidavit did not sufficiently establish probable cause to believe that evidence of contraband or drug dealing would be found at the residence. Nonetheless, the court concluded that after the valid search for firearms that Logan, as a convicted felon, could not possess, the drugs were readily found in plain sight or in places logical to search for a gun. Therefore, the court did not suppress any evidence from the search.

¶5      The court concluded that there was sufficient proof that Logan was using or visiting the North 84th Street residence regularly, including a reasonable probability that he was living there or staying over night. The police had evidence from a reliable and credible source of information (SOI) that a drug trafficker was selling cocaine from a Chevy Silverado. The police identified the vehicle as being registered to Logan at a different address; however, the vehicle was observed at the North 84th Street residence multiple times before the search. Additionally, the

3

police observed Logan carrying a child in a car seat from the house, which also supported the conclusion that Logan stayed at the North 84th Street residence.[1]

¶6 After the motion was denied, Logan elected to resolve his case by entering guilty pleas to the three charged offenses. In exchange for his pleas, the State agreed to recommend an unspecified but substantial amount of prison time, and affirmatively recommend eligibility for the earned release and substance abuse programming.[2] The circuit court imposed concurrent sentences of six years and six months of imprisonment, bifurcated as three years and six months of initial confinement and three years of extended supervision.

¶7 Logan now appeals.[3] Additional facts related to the analysis of probable cause for the search warrant will be discussed below.

## DISCUSSION

¶8 Logan argues that the circuit court erred when it denied his motion to suppress the evidence from the search. He asserts that the affidavit in support of the search warrant application did not establish probable cause to believe

---

[1] Logan's motion to suppress refers to the child as his daughter and described some of his movements as taking his daughter to daycare. The criminal complaint also describes one bedroom as set up for an infant child.

[2] We note that no transcript of the plea hearing was submitted with the court record.

[3] Logan's appeal of the denial of his suppression motion is allowed under WIS. STAT. § 971.31(10) (2021-22), which provides that "[a]n order denying a motion to suppress evidence … may be reviewed upon appeal from a final judgment or order notwithstanding the fact that the judgment or order was entered upon a plea of guilty or no contest to the information or criminal complaint." All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

evidence of either the firearm or drug possession offense would be found at the North 84th Street residence.

¶9      We begin with the circuit court's conclusion that there was sufficient evidence to support probable cause of the possession of a firearm by a felon at the North 84th Street residence to authorize a search on that basis, but that the evidence was insufficient to establish probable cause of drug dealing or possession to authorize a search of that residence for drugs.  Logan argues that probable cause did not exist for either offense, the State argues in response that probable cause existed for both.  We conclude that the plain view doctrine applies to the seizure of evidence of drug dealing and possession.  As such, the issue of whether the facts sufficiently established probable cause to authorize a search for drugs is moot.

¶10      The plain view doctrine applies to a search when three prerequisites are met:  "[t]he police must have a prior justification for the intrusion which placed them in the position to observe the evidence in plain view, the evidence must be in plain view, and the discovery of the evidence must be inadvertent." *State v. Elam*, 68 Wis. 2d 614, 622, 229 N.W.2d 664 (1975).  The record reflects that the drugs were seized during a valid, warrant-approved search of the residence.  In the search of Logan's bedroom, the police found a black bag containing plastic bags of drugs on top of the dresser, next to official mail addressed to Logan.  The police found pills containing fentanyl in pajama pants in the bedroom closet.  The police found plastic bags of powder cocaine on the counter in the kitchen.  We conclude that the drugs seized were in plain view or in places where a search for firearms would logically occur.  Therefore, we focus the remainder of our analysis on the probable cause of the firearm possession offense.

¶11 "Whether police conduct violated a defendant's constitutional rights under Article I, Section 11 of the Wisconsin Constitution and the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures presents a question of constitutional fact that this court independently reviews." *State v. Felix*, 2012 WI 36, ¶22, 339 Wis. 2d 670, 811 N.W.2d 775. When this court reviews a denial of a motion to suppress, we will uphold the circuit court's findings of fact unless they are clearly erroneous. *State v. Hailes*, 2023 WI App 29, ¶12, 408 Wis. 2d 465, 992 N.W.2d 835.

¶12 "Search warrants may issue only upon 'a finding of probable cause by a neutral and detached magistrate.'" *State v. Ward*, 2000 WI 3, ¶21, 231 Wis. 2d 723, 604 N.W.2d 517 (quoting *State v. Higginbotham*, 162 Wis.2d 978, 989, 471 N.W.2d 24 (1991)). "We accord great deference to the warrant-issuing [judicial official's] determination of probable cause, and that determination will stand unless the defendant establishes that the facts are clearly insufficient to support a finding of probable cause." *State v. Multaler*, 2002 WI 35, ¶7, 252 Wis. 2d 54, 643 N.W.2d 437.

¶13 "A finding of probable cause is a common sense test." *Ward*, 231 Wis. 2d 723, ¶23. The issuing judicial official must make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit" underlying the application for a warrant, "including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (citation omitted). "Whether there is probable cause to believe that evidence is located in a particular place is determined by examining the 'totality of the circumstances.'" *Ward*, 231 Wis. 2d 723, ¶26 (citation omitted).

¶14　Therefore, we must consider whether in our objective review, "the record before the warrant-issuing [judicial official] provided 'sufficient facts to excite an honest belief in a reasonable mind that the objects sought are linked with the commission of a crime, and that they will be found in the place to be searched.'" *Id.*, ¶27 (two sets of quotation marks and citation omitted).　Logan argues that at most, the warrant application materials connected the Chevy Silverado to drug dealing, but it did not connect the North 84th Street residence to drugs, firearms, or the commission of a crime.

¶15　The record reflects the following facts supported probable cause to believe firearms, which were illegal for Logan to possess as a convicted felon, would be found at the North 84th Street residence.　The affiant police officer had seven years of experience as a law enforcement officer; was assigned to a high intensity drug trafficking area; was familiar with and trained to use different types and calibers of firearms; had participated in the execution of numerous search warrants; and had completed trainings related to firearm-related offenses and one named "Characteristics of an Armed Gunman."　The police affidavit relied upon evidence from an SOI, who provided information on drug trafficking in Milwaukee, against the SOI's penal interest, from personal experience with firearms and illegal narcotics.　The police officer attested that the police were able to corroborate the SOI's information through surveillance and investigation.

¶16　In the warrant application affidavit, the SOI provided the license plate for the Chevy Silverado that the SOI identified as being used for drug dealing by a black male, approximately 35-40 years old, medium complexion, short hair, and wearing glasses.　Department of Transportation photographs and records allowed the police to connect the SOI's description of the drug dealer to Logan.　The SOI reported seeing Logan, within a month of the warrant

application, in possession of a black semi-automatic handgun. The police review of court records showed that Logan had two felony convictions that were of record and unreversed, which thus made him unable to possess firearms.[4]

¶17 The SOI placed Logan's drug trafficking activities in the area of North 84th Street and West Burleigh Street, approximately six blocks from the residence named in the warrant. While the Silverado was registered to a North 46th Street address, the vehicle received a parking ticket for not having an overnight parking permit while it was parked in front of the North 84th Street residence in June 2021. A police investigation also revealed utility records connecting Logan to the North 84th Street residence. Police surveillance of the North 84th Street residence revealed Logan frequently entering the residence with a key, parking outside the residence, and transporting a child in a car seat.

¶18 The police investigation into Logan revealed a Facebook account for "Byron Logan" and observed photographs of Logan posted from the account. The police observed a photograph posted from this account in June 2021 that showed a black semi-automatic gun on a table. On July 20, 2021, the police observed Logan outside the North 84th Street residence move his hands towards his waistband and appeared to adjust an object in his waistband—based on the SOI's information and the Facebook post showing the black handgun, the officer inferred that Logan was conducting a security check of a firearm.

¶19 We reject Logan's argument that the evidence was insufficient to establish probable cause. Logan has not established that the facts are clearly

---

[4] Logan's felony convictions stemmed from Milwaukee County Circuit Court case Nos. 1997CF970816 and 2000CF000368.

insufficient to support the commissioner's determination that probable cause of the firearms possession offense existed. *Multaler*, 252 Wis. 2d 54, ¶7. Under the totality of the circumstances, we conclude that the record reflects sufficient facts for the court commissioner to have found that probable cause existed to believe Logan possessed a weapon and that Logan stayed at the North 84th Street residence. *Ward*, 231 Wis. 2d 723, ¶33. The court commissioner's determination considered "known facts and common-sense probabilities" in accordance with the task of reviewing a warrant application. *Id.* (citation omitted).

¶20 Logan argues that the lack of police or SOI observation of criminal activity at the North 84th Street residence was fatal to probable cause existing to search this particular location.[5] We disagree. The facts in the application for the search warrant established Logan regularly stayed at the North 84th Street residence. Logan's vehicle was regularly parked there. Logan was seen by the SOI and on social media with a black handgun. *See State v. Casarez*, 2008 WI App 166, ¶20, 314 Wis. 2d 661, 762 N.W.2d 385 (citation omitted) (concluding it was "reasonable to infer that a person who has been arrested for a crime involving a gun will keep in his or her home the 'fruits and instrumentalities' of the crime").

---

[5] For this argument, Logan's reliance on *State v. Sloan*, 2007 WI App 146, 303 Wis. 2d 438, 736 N.W.2d 189 is misplaced. This court was concerned in *Sloan* that the Fourth Amendment reasonableness requirements would be diluted if the search warrant application evidence were deemed sufficient to establish probable cause. *Id.*, ¶38. There, the affidavit did not provide facts to conclude or infer that Sloan was a "drug trafficker, or that other people traffic[ked] in drugs at that residence." *Id.* If the facts supporting probable cause for that search warrant were considered sufficient, then a "person [] found in possession of a small quantity of marijuana or other controlled substance" could face a search warrant "with nothing more to support the search than a return address on a document[] and vehicle registration at that address." *Id.* The issues in *Sloan* are factually distinguishable. In contrast, Logan, as a convicted felon, was under a legal prohibition from possessing a firearm. The affidavit provided facts supporting Logan being in possession of a firearm and Logan regularly staying at the North 84th Street residence.

We conclude that the court commissioner could reasonably infer that because Logan was a felon connected to a firearm and was connected to staying at the North 84th Street residence, there was probable cause to search that residence for evidence of a weapons offense. *Ward*, 231 Wis. 2d 723, ¶34.

¶21 Logan also argued that the facts gleaned from the surveillance of Logan entering and leaving the house with other people, traveling to other locations, carrying bags with unknown contents, or parking near other vehicles do not establish criminal activities, but instead were innocent behavior.[6] However, an innocent explanation of conduct does not defeat a probable cause analysis. As the United States Supreme Court explained, "probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. By hypothesis, therefore, innocent behavior frequently will provide the basis for a showing of probable cause[.]" *Gates*, 462 U.S. at 243 n.13. Nonetheless, we conclude that the surveillance of Logan's comings and goings were focused on the drug trafficking allegation and are generally less relevant to the probable cause for the firearms offense analysis.

¶22 Finally, we do not reach the question of whether the good faith doctrine applies to this search because we have concluded that the affidavit in support of the search warrant supports a finding of probable cause of the possession of a firearm by a felon offense. *Casarez*, 314 Wis. 2d 661, ¶18.

---

[6] The record reflects that the affidavit established Logan's presence in situations that the police inferred to be drug trafficking conduct.

**CONCLUSION**

¶23    For the reasons stated above, we conclude that there were sufficient facts to establish probable cause for the search warrant for the firearm possession offense.  Therefore, we affirm Logan's judgment of conviction and the denial of his motion to suppress evidence.

*By the Court.*—Judgment affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.